■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY WOODS, Appellant. [897 NYS2d 640]—Appeal by the defendant from an order of the County Court, Suffolk County (Spinner, J.), dated October 21, 2008, which, after a hearing to redetermine the defendant's sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the order of the Supreme Court, Suffolk County (Mullen, J.), dated April 15, 2005, which designated the defendant a level two sex offender is reinstated.

The Supreme Court conducted a redetermination hearing pursuant to *Doe v Pataki* (3 F Supp 2d 456 [1998]; *see also Doe v Pataki*, 481 F3d 69 [2007]) and thereafter granted the People's request for an upward modification of the defendant's risk level from level two to level three. There is nothing in the record, however, to demonstrate that the defendant requested a redetermination hearing pursuant to *Doe v Pataki* (3 F Supp 2d 456 [1998]). In any event, the People failed to "prepare a new risk assessment instrument," as required by the terms of the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]). Accordingly, the Supreme Court erred in conducting a redetermination hearing pursuant to *Doe v Pataki* (3 F Supp 2d 456 [1998]).

The People's remaining contentions are without merit. Covello, J.P., Santucci, Chambers and Hall, JJ., concur.